UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW BROWNE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN C. BONEWICZ, P.C.,<br><br>　　　　Defendant. | No. 14 CV 6312<br><br>Judge Manish S. Shah |

ORDER

Plaintiff's motion for summary judgment [21] is granted. Defendant may not assert the bona fide error defense. Defendant's motion for summary judgment [24] is granted in part. Plaintiff may not recover actual damages. A status hearing is set for 10/22/15 at 9:45 a.m.

STATEMENT

The Fair Debt Collection Practices Act requires debt collectors to bring collection actions against consumers only in the judicial district where the consumer resides (or where the contract was signed). Defendant John C. Bonewicz, P.C., a law firm, filed a collections suit for unpaid credit card debts against plaintiff Andrew Browne in the First Municipal District for the Circuit Court of Cook County. But at the time, Browne lived in the Fifth Municipal District. Browne lost the case in Cook County, but now brings an FDCPA case against the law firm for suing him in the wrong judicial district. Both sides move for summary judgment on certain issues, and for the reasons discussed below, plaintiff's motion is granted, and defendant's motion is granted in part. The bona fide error defense does not shield the defendant from liability for filing suit in the wrong district even though it followed then-applicable precedent, but plaintiff may not recover actual damages because he has admitted that he did not suffer any.

I. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On cross-motions for summary judgment, each motion is reviewed by construing the facts and inferences in favor of the party

against whom the motion is made. *Orr v. Assurant Employee Benefits*, 786 F.3d 596, 600 (7th Cir. 2015).

## II. Background

Plaintiff Andrew Browne opened a credit card account with Bank of America, incurred $8,559 in debt, and didn't pay it. Browne used the credit card to make purchases for personal use.[1] The delinquent debt was ultimately assigned to a company named CACH, LLC, and its lawyer, defendant John C. Bownewicz, P.C., filed a lawsuit against Browne to collect. Browne was a resident of Cook County, and the firm filed the suit in the First Municipal District of the Circuit Court of Cook County. At the time, the Seventh Circuit's decision in *Newsom v. Friedman*, 76 F.3d 813, 817–819 (7th Cir. 1996), was on the books, and that case held that the separate municipal districts for the Circuit Court of Cook County were not "judicial districts" under the FDCPA's venue provision. Under *Newsom*, any municipal district within the Circuit Court of Cook County was an appropriate jurisdiction in which to file such suits and comply with the venue requirements of the FDCPA. Browne hired a lawyer to defend the suit, went to trial, and lost the case.

In *Suesz v. Med-1 Solutions, LLC*, the court of appeals overruled *Newsom* and held that the FDCPA's venue provision requires debt collectors to file suit in "the smallest geographic area that is relevant for determining venue in the court system in which the case is filed." 757 F.3d 636, 638 (7th Cir. 2014) (*en banc*). Browne lived within the Fifth Municipal District for the Circuit Court of Cook County at the time the firm sued him in the First Municipal District. The FDCPA provides for a cause of action against debt collectors who violate the venue provision, and Browne turned the tables against defendant by bringing this case.

During discovery, defendant sent Browne a set of requests to admit under Federal Rule of Civil Procedure 36. Browne failed to timely respond to the requests. Under the rule, Browne's failure means the requests are deemed admitted. His lawyers' excuse for missing the deadline is that they lost contact with him. Instead of filing a motion seeking an extension of time to respond, Browne's attorneys answered the requests late, and now ask that their client's admissions by default be vacated.[2] A court can exercise its discretion to vacate admissions "when doing so

---

[1] Defendant's objection to plaintiff's statement that the purchases were personal is overruled. Plaintiff is competent to describe the nature of his purchases and he is not required to produce independent corroborating evidence in documentary form. [LCA: Suggest "in documentary form" because the original version has three multi-syllable adjectives in a row. But I don't have strong feelings.]

[2] Rule 36(b) provides for withdrawal of admissions if the court "on motion" so permits. Browne did not file a separate motion to withdraw or vacate his admissions because I directed the parties to address discovery disputes within the merits of the dueling summary judgment motions. I consider Browne's motion for summary judgment to incorporate a

better serves the presentation of the merits of the case *and* the party who benefits from the admissions (usually by relying on them) is not prejudiced." *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005) (emphasis added); Fed. R. Civ. P. 36(b).

Defendant would not be prejudiced by vacating Browne's default admissions, except for items 5 and 7 concerning Browne's actual damages. Discovery is now closed and defendant was entitled to rely on the operation of Rule 36 to take actual damages off the table in this case. With respect to the other admissions, however, defendant would not be prejudiced if they were vacated. They primarily go to legal arguments concerning the formation of the contract that led to the credit card debt and plaintiff's motivations for filing this suit. Those facts are tangential, if not irrelevant outright, to the merits. Therefore, I exercise my discretion under Rule 36(b) to vacate Browne's default admissions, except that Browne is deemed to have admitted that (1) he did not pay more, or incur more fees, to his attorneys as a result of the state court case's location in the First Municipal District as opposed to the Fifth Municipal District, and (2) he suffered no actual damage as a result of the alleged violations pled in his complaint.

## III. Analysis

If a debt collector wants to sue a consumer to collect on a consumer debt (like a credit card debt owed for purchases for personal, non-commercial use), the FDCPA requires it to sue "only in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2). A debt collector who fails to comply with this provision is, in turn, liable to the consumer for any actual damage sustained by the consumer as a result of the failure, and for statutory damages not to exceed $1,000. 15 U.S.C. §§ 1692k(a)(1), (a)(2)(A).

### A. Contract Formation

Defendant argues that it did not violate the FDCPA when it sued Browne in the First Municipal District because the contract sued upon was formed in Chicago each time Browne made charges on his credit card there, and the First Municipal District covers Chicago. But contract formation is different than contract signing, and the text of § 1692i(a)(2)(A) refers to the location where the consumer "signed the contract sued upon." The parties agree that credit card debt in Illinois is based on an oral contract, and that a new agreement is entered into by the lender and debtor each time the card is used. *See Portfolio Acquisitions, L.L.C. v. Feltman*, 391 Ill.App.3d 642, 652 (1st Dist. 2009) (credit card transaction is an oral contract for

---

motion under Rule 36(b) to withdraw his admissions. Browne's lawyers, however, offer no explanation for why they didn't seek an extension of time to respond to the requests under Rule 36(a)(3).

purposes of the statute of limitations). Defendant has no evidence that Browne signed a contract in Chicago when he used his credit card, and therefore, defendant cannot rely on § 1692i(a)(2)(A) to justify its decision to sue Browne in the First Municipal District.[3]

### B.     The Bona Fide Error Defense

The en banc court in *Suesz* held that its decision was retroactive. 757 F.3d at 649–50. So to comply with § 1692i(a)(2)(B), defendant should have sued Browne in the municipal district where he lived, the Fifth Municipal District. The FDCPA does allow for an affirmative defense to liability "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Defendant argues that its reliance on *Newsom* was a bona fide error, and therefore, it is not liable.

A debt collector's mistaken interpretation of the FDCPA is not a bona fide error under § 1692k(c). *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 & 604–05 (2010). Defendant argues that it should nevertheless find shelter in the defense because it was *Newsom* that made the mistake, not defendant, and defendant should not be held liable for following Seventh Circuit precedent. But *Jerman* is clear that the FDCPA's reference to bona fide errors is a reference to factual mistakes, not legal ones. *See id.* at 581 (declining to extend the act to encompass all kinds of errors, including mistakes of law). Defendant made its own judgment about where to sue Browne (note, *Newsom* did not require defendant to sue Browne in the First Municipal District, it simply permitted such a course of action), based on a legal mistake, and § 1692k(c) does not apply to such circumstances.[4]

### C.     Damages

By operation of Rule 36, Browne has admitted that he suffered no actual damage from defending the lawsuit in the First Municipal District. In addition,

---

[3] Plaintiff says he is without knowledge to either admit or deny that he used the card to make purchases in Chicago. This type of denial does not follow the strict language of Rule 36(a)(4), because it doesn't say that the information Browne does know or can readily obtain is insufficient to enable him to admit or deny. Although he has failed (a second time) to comply with Rule 36, I accept his response as a non-admission. In any event, even assuming the card was used in Chicago, defendant has no evidence that a contract was signed there.

[4] *See also Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, — F.Supp.3d —, No. 14 C 8271, 2015 WL 5117077, at *4 (N.D. Ill. Aug. 28, 2015); *Rowan v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 CV 08923, 2015 WL 5920873, at *5 (N.D. Ill. Oct. 8, 2015).

4

Browne has offered no evidence to suggest that he suffered any actual harm from defendant's selection of venue. He hired an attorney, but does not say that those fees were caused by the venue violation. Defendant's motion for summary judgment on the issue of actual damage is granted.

Defendant also argues that its violation of the FDCPA was so harmless that even statutory damages cannot be awarded. Browne has not offered any evidence to suggest a material factual dispute as to statutory damages, and ordinarily, the absence of a factual dispute would be enough to grant summary judgment in favor of defendant. But assessing the amount of statutory damages is an exercise of discretion for the jury to perform. *Kobs v. Arrow Serv. Bureau, Inc.*, 134 F.3d 893, 898 (7th Cir. 1998). In the context of statutory damages under the Copyright Act, the Seventh Circuit indicated that even if the facts are not disputed, unless a rule of law eliminates the fact-finder's discretion, summary judgment on statutory damages is not permissible. *BMG Music v. Gonzalez*, 430 F.3d 888, 892–93 (7th Cir. 2005). Section 1692k(b)(1) directs the fact-finder to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Browne has a right to a jury's exercise of discretion in applying these factors. *Accord Gillespie v. Blitt & Gaines, P.C.*, — F.Supp.3d —, No. 14 C 9176, 2015 WL 4498743, at *4 (N.D. Ill. July 23, 2015).

## IV. Conclusion

Plaintiff's motion for summary judgment is granted. Defendant may not assert the bona fide error defense. Defendant's motion for summary judgment is granted in part. Plaintiff may not recover actual damages. A status hearing is set for 10/22/15 at 9:45 a.m.

ENTER:

                                                                */s/ Manish S. Shah*
                                                                Manish S. Shah
                                                                United States District Judge

Date: 10/20/15